IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jane Wecker Harrison, ) | Civil Action No. 8:11-2215-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Fred Owens, Eugene A. "Andy"Laurent, ) | |
| Tana Vanderbilt and Sam Davis,[1] ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Defendants Sam Davis, Eugene A. Laurent and Tana Vanderbilt's Motion for Judgment on the Pleadings. (ECF No. 92.) The court heard oral arguments on this matter on May 29, 2013. After considering the arguments of the parties, the pleadings submitted and the record in this case, the Motion for Judgment on the Pleadings (ECF No. 92) is granted in part and denied in part as set forth herein.

## FACTUAL AND PROCEDURAL BACKGROUND

This is an action by Jane Wecker Harrison ("Plaintiff") against remaining Defendants Fred Owens, Eugene Laurent, Tana Vanderbilt and Sam Davis. Pursuant to a contract with the Newberry County Disabilities and Special Needs Board, Plaintiff was formerly a caregiver of two severely disabled women ("Sarah Doe" and "Sally Roe") as part of a foster care program called Community Training Home I ("CTH I"). (ECF No. 62 at 1, ¶ 2.) Plaintiff claims that her CTH I license was revoked as a retaliatory action to cover up a history of abuse of one of her clients and to prevent Plaintiff from exposing a financial scheme involving compensation for caregivers. (ECF No. 62 at

---

[1] In an Opinion and Order entered on November 7, 2012 (ECF No. 89), Defendants Ken Ard, Andre Bauer and Glenn McConnell were dismissed from this case. Defendant Fred Owens moved for summary judgment (ECF No. 116) in a separate motion.

1-2, ¶ 3.)  Plaintiff filed this action against Defendants alleging the following causes of action: 1) fraudulent misrepresentation; 2) interference with a contract; 3) wrongful termination; 4) 42 U.S.C. § 1983 due process and equal protection violations; 5) 42 U.S.C. § 1985 conspiracy; 6) common law conspiracy; 7) defamation; and 8) intentional infliction of emotional distress.  (ECF No. 62.)

In an order dated November 7, 2012, this court granted former Defendants Ken Ard, Andre Bauer, and Glenn McConnell's Motion to Dismiss for Failure to State a Claim. (ECF No. 89.) Subsequently, Defendants Laurent, Vanderbilt, and Davis (South Carolina Department of Disabilities and Special Needs) ("DDSN Defendants") moved, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings.  The DDSN Defendants maintain that none of the counts of the First Amended Complaint ("Complaint") state a claim on which relief can be granted and that the analysis on the dismissal of the five counts of the Complaint addressed in this court's November 7, 2012 order applies and warrants the dismissal of the same claims against the DDSN Defendants.  (ECF No. 92-1 at 2.)  The DDSN Defendants present additional arguments regarding the three remaining causes of action not addressed in the November 7, 2012 order.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(h)(2) provides that the defense of failure to state a claim upon which relief can be granted, as set forth in Rule 12(b)(6), may be raised by motion for judgment on the pleadings under Rule 12(c).  *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002).  The standard applied to motions made pursuant to Rule 12(b)(6) is also applied to motions made pursuant to Rule 12(c).  *Id.; Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  Ultimately, "a defendant may not prevail on a motion for judgment on the pleadings if there are pleadings that, if proved, would permit recovery for the plaintiff." *BET Plant Servs., Inc. v. W.D. Robinson Elec. Co.*, 941 F. Supp. 54, 55 (D.S.C. 1996).

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards*, 178 F.3d at 243. To survive a motion to dismiss, the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant- unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555. In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts that are "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130 (4th Cir. 1993). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court need not accept unsupported

legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir.1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to specific acts, dates, or policies, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir.1979). In sum, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Twombly*, 550 U.S. at 555.

## ANALYSIS

Plaintiff's very lengthy Complaint raises eight causes of action against the named Defendants. This court's November 7, 2012 order granted Defendants Ken Ard, Andre Bauer, and Glenn McConnell's ("Lieutenant Governor Defendants") motion to dismiss with respect to five counts[2] of the Complaint deemed by Plaintiff to be applicable to those Defendants. (ECF No. 89 at 1.) The DDSN Defendants claim that the November 7, 2012 order and the analysis concerning the dismissal of those counts as to the Lieutenant Governor Defendants applies either directly or by extension in such a way as to warrant the dismissal of the DDSN Defendants as well. (ECF No. 92-1 at 2.) In support of their motion for judgment on the pleadings, the DDSN Defendants first address the three claims not considered previously by this court in its consideration of the Lieutenant Governor Defendants' motion to dismiss: 1) Fraud and Misrepresentation (Count One); 2) Wrongful Discharge (Count Three); and 3) Defamation (Count Seven). The DDSN Defendants maintain that Plaintiff's allegations directed toward the DDSN Defendants are largely conclusory and otherwise lack specificity. (ECF No. 92-1 at 3-8.) Accepting the facts alleged in the Complaint as true and viewing them in the light most favorable to Plaintiff, Plaintiff has stated at the very least plausible claims as

---

[2] 1) Interference with a contract; 2) 42 U.S.C. § 1983 due process and equal protection violations; 3) 42 U.S.C. § 1985 conspiracy; 4) common law conspiracy; and 5) intentional infliction of emotional distress.

to Count One, Count Three, and Count Seven against the DDSN Defendants. To find otherwise would require the court to impermissibly draw inferences in the DDSN Defendants' favor. Because there are outstanding issues to be resolved, the court denies the DDSN Defendants' motion for judgment on the pleadings as to these counts.

Next, the court addresses the causes of action considered in its previous order concerning the Lieutenant Governor Defendants. Having answered Plaintiff's complaint, the DDSN Defendants now look for dismissal pursuant to Rule 12(c), seeking to apply the arguments raised in the Lieutenant Governor Defendants' motion and briefing and the court's reasoning (either directly or by extension) in granting the Lieutenant Governor Defendants' motion to dismiss. As an initial matter, however, this is not a situation where the court's previous order automatically applies equally and evenly to yield the same results for the DDSN Defendants. Thus, in ruling on the DDSN Defendants' motion, the court still must engage in a deliberate and careful consideration of the allegations of Plaintiff's Complaint and the respective causes of action alleged in view of the arguments raised, just as it did in considering the Lieutenant Governor Defendants' motion. The court finds, that Plaintiff has stated a plausible claim against the DDSN Defendants for violations of 42 U.S.C. § 1983 (Count Four), 42 U.S.C. § 1985 (Count Five), and common law conspiracy (Count Six), particularly as these claims do direct some allegations toward the DDSN Defendants as opposed to just Defendants more generally. The reasons set forth in the November 7, 2012 order as to these causes of action specifically concerned the allegations as they applied to the Lieutenant Governor Defendants and do not apply by extension to the DDSN Defendants.

Finally, the court addresses two remaining causes of action, Plaintiff's claim for intentional interference with contract (Count Two) and claim for intentional infliction of emotional distress (Count Eight). The DDSN Defendants claim that this court's dismissal of Plaintiff's claim against

the Lieutenant Governor Defendants for intentional interference with contract is equally applicable to the DDSN Defendants. (ECF No. 92-1 at 8-9.) The DDSN Defendants make the additional argument questioning the existence of any license and also claim that any license would have been issued to the provider, Newberry County DSN Board, and not specifically to Plaintiff. (ECF No. 92-1 at 2, 9.) The court's previous ruling on Plaintiff's intentional interference with contract claim was based on Plaintiff's failure to show that the *Lieutenant Governor Defendants* had any knowledge of a contract between Plaintiff and Newberry DSN and/or DDSN and/or the South Carolina Budget Control Board, and that she further provided no factual support to show that the *Lieutenant Governor Defendants* were intentional in their interference with Plaintiff's contract, assuming the existence of one. (ECF No. 89 at 4-5.) Plaintiff responds to the DDSN Defendants' motion by stating that she has provided evidence that the DDSN Defendants intentionally interfered with her contact as a caregiver by way of licenses issued by DDSN and related documents, as well as other evidence concerning the involvement of the DDSN Defendants in the termination of her contract.[3] (ECF No. 102 at 11.) She also claims that whether she held a contract or license issued either by the Newberry County DSN Board or DDSN is an issue of material fact which precludes the dismissal of the claim pursuant to Rule 12(c). (ECF No. 102 at 14.) The court agrees that the matter has not yet been resolved determinatively and is likely a central aspect of this case. In any event, at this juncture, the court cannot simply conclude that its reasoning in granting the Lieutenant Governor Defendants' motion to dismiss is equally applicable to the DDSN Defendants. Until the issue of the

---

[3] Actual copies of these documents are in the record by way of Plaintiff's Response Objecting to Motion for Protective Order Filed by Ard, Bauer and McConnell. (ECF No. 94.) Defendants respond that the court may presumably consider these documents without converting the DDSN Defendants' motion into one for summary judgment because the documents are integral to and explicitly relied on in the complaint. (ECF No. 103 at 4.) The DDSN Defendants further maintain that although Plaintiff's name appears on one of the licensing documents, the DDSN lacks the authority to issue a license to anyone other than the agency, in this case Newberry DSN. (ECF No. 4.) The court does not find it necessary to review and consider these documents in reaching its opinion.

contract/license's origins and parties to that contract have been resolved, the court declines to preemptively dismiss the claim. Not only is the issue relevant to the due process claims presented, the court finds it relevant to Plaintiff's claim for intentional interference as well.

Under the applicable South Carolina law, only the conduct of a third party can sustain an action for tortious interference with contract. *See Love v. Gamble*, 316 S.C. 203, 214 (S.C. Ct. App. 1994) ("The theory of this doctrine is that the parties to a contract have a property right therein, which a third person has no more right maliciously to deprive them of, or injure them in, than he would have to injure their property."); *see also Green v. Mastodon Ventures*, No. 6:07-3805, 2008 WL 4211122, at *2 (D.S.C. 2008). If in fact DDSN is a party to a contract with Plaintiff, this cause of action against DDSN (through its affiliates) could not stand. Without resolution of these matters, the court cannot further address the intentional interference claim.

The DDSN Defendants also seek dismissal of Plaintiff's intentional infliction of emotional distress cause of action. Plaintiff claims that Defendants intentionally or recklessly inflicted severe emotional distress and they were certain or substantially certain that such distress would result from their conduct, that Defendants' conduct was extreme and outrageous and should be regarded as atrocious, and that Defendants caused bodily harm and mental anguish to Plaintiff as a result. (ECF No. 62 at 48-49,¶¶ 320-326). The DDSN Defendants note that this court's November 7, 2012 order found that Plaintiff failed to assert sufficient factual allegations necessary to plead such a claim. (ECF No. 92-1 at 17-18.) The court's November 7, 2012 order sets forth the applicable elements of the tort of intentional infliction of emotional distress under South Carolina law.[4]   Accordingly, this court

---

[4] The elements of the tort of intentional infliction of emotional distress, or outrage, are: (1) the defendant intentionally or recklessly inflicted severe emotional distress, or knew that distress would probably result from his conduct; (2) the defendant's conduct was so extreme and outrageous that it exceeded all possible bounds of decency and was furthermore atrocious, and utterly intolerable in a civilized community; (3) the actions of the defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it. *Gattison v. S. Carolina State Coll.*, 318 S.C. 148, 151 (S.C. Ct. App. 1995).

found that Plaintiff's allegations were insufficient to state a cause of action for intentional infliction of emotional distress and the finding is not limited to just the Lieutenant Governor Defendants. (ECF No. 89 at 16-17.)  Considering the Complaint's allegations once again, in view of the DDSN Defendants specifically, the court finds that Plaintiff failed to state a claim for intentional infliction of emotional distress.  Plaintiff does not make any arguments that refute the applicability of the court's prior reasoning to the DDSN Defendants as it relates to this claim.  (ECF No. 102 at 20.)  Thus, for the same reasons set out in the court's  previous order granting the Lieutenant Governor Defendants' motion to dismiss, the motion for judgment on the pleadings will be granted as to this specific claim against the DDSN Defendants.

## CONCLUSION

For the reasons set forth above, Defendants Davis, Laurent and Vanderbilt's Motion for Judgment on the Pleadings (ECF No. 92) is granted in part and denied in part.  The motion is granted only as to Plaintiff's claim for intentional infliction of emotional distress (Count Eight).  This claim against Defendants Davis, Laurent, and Vanderbilt is dismissed.  In all other respects and as to all other causes of action, the motion is DENIED.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
August 12, 2013