IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jane Wecker Harrison, ) | Civil Action No. 8:11-2215-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Fred Owens, Andre Bauer, Ken Ard, ) | |
| Glenn McConnell, Eugene A. "Andy" ) | |
| Laurent, Tana Vanderbilt and Sam Davis,[1] ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before this Court is Defendant Fred Owens's Motion for Summary Judgment and to Dismiss (ECF No. 116), Defendants Laurent, Vanderbilt, and Davis's ("DDSN Defendants") Motion for Summary Judgment (ECF No. 137), Defendants Laurent, Vanderbilt, and Davis's Motion to Stay Discovery pending the Court's adjudication of the qualified immunity defense (ECF No. 138), and Plaintiff's Motion to Correct and Supplement Plaintiff's Response to DDSN Defendants' Motion for Summary Judgment and Request for Evidentiary Hearing. (ECF No. 151.)  After considering the arguments of the parties, the pleadings submitted and the record in this case, Defendant Fred Owens's Motion for Summary Judgment and to Dismiss (ECF No. 116) and Defendants Laurent, Vanderbilt, and Davis's Motion for Summary Judgment (ECF No. 137) are DENIED for present purposes. Defendants Laurent, Vanderbilt, and Davis's Motion to Stay Discovery pending the Court's adjudication of the qualified immunity defense (ECF No. 138) is DENIED as MOOT as there is currently no pending motion before the Court concerning the defense.  Finally, Plaintiff's Motion to Correct and Supplement Plaintiff's Response to DDSN Defendants' Motion for Summary Judgment

---

[1] In an Opinion and Order entered on November 7, 2012 (ECF No. 89), Defendants Ken Ard, Andre Bauer and Glenn McConnell were dismissed from this case.

-2-

and Request for Evidentiary Hearing (ECF No. 151) is GRANTED in part to the extent the relief is still relevant in light of this order, and DENIED in part as MOOT.

## FACTUAL AND PROCEDURAL BACKGROUND

This is an action by Jane Wecker Harrison ("Plaintiff") against remaining Defendants Fred Owens, Eugene Laurent, Tana Vanderbilt, and Sam Davis. Pursuant to a contract or agreement with the Newberry County Disabilities and Special Needs Board, Plaintiff was formerly a caregiver of two severely disabled women ("Sarah Doe" and "Sally Roe") as part of a foster care program called Community Training Home I ("CTH I"). (ECF No. 62 at 1, ¶ 2.) Plaintiff claims that her "CTH I license" was revoked as a retaliatory action to cover up a history of abuse of one of her clients and to prevent Plaintiff from exposing a financial scheme involving compensation for caregivers. (ECF No. 62 at 1-2, ¶ 3.) Plaintiff filed this action against Defendants alleging the following causes of action: 1) fraudulent misrepresentation; 2) interference with a contract; 3) wrongful termination; 4) 42 U.S.C. § 1983 due process and equal protection violations; 5) 42 U.S.C. § 1985 conspiracy; 6) common law conspiracy; 7) defamation; and 8) intentional infliction of emotional distress. (ECF No. 62.)

In an order dated November 7, 2012, this Court granted former Defendants Ken Ard, Andre Bauer, and Glenn McConnell's Motion to Dismiss for Failure to State a Claim. (ECF No. 89.) Subsequently, Defendants Laurent, Vanderbilt, and Davis (South Carolina Department of Disabilities and Special Needs) ("DDSN Defendants") moved, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings. (ECF No. 92.) In an order Dated August 12, 2013, this Court granted these Defendants' motion only as to Plaintiff's claim for intentional infliction of emotional distress and denied the motion as to all other causes of action. (ECF No. 136.) Defendant Fred Owens, individually and in his official capacity as the former Director of the Newberry

Department of Special Needs Board, has moved for summary judgment and, with regard to some of Plaintiff's causes of action, to dismiss for failure to state a claim.  (ECF No. 116.)  Plaintiff filed a response in opposition to the motion (ECF No. 122) and an amended response to the motion. (ECF No. 127.)  Defendant filed a reply memorandum in support of the motion on April 29, 2013.  (ECF No. 128.)

On September 3, 2013, the DDSN Defendants moved for summary judgment, arguing, inter alia, that they are immune from suit on the federal claims under the qualified immunity doctrine because Plaintiff did not possess a clearly established liberty or property interest; nor did the DDSN Defendants violate any federal right of the Plaintiff.  (ECF No. 137-1 at 1.)  These Defendants also filed a motion pursuant to Rule 26(c) and Local Civil Rule 16.00(C), staying discovery until such time as the Court adjudicates the qualified immunity defense asserted in their motion.  (ECF No. 138.)  Plaintiff filed a lengthy response in opposition to the DDSN Defendants' motion, challenging Defendants' entitlement to qualified immunity and asking the Court instead to grant summary judgment in favor of Plaintiff and restore Plaintiff's CTH I license.  (ECF No. 149.)  Plaintiff then filed a Motion to Correct and Supplement Plaintiff's Response to the DDSN Defendants' Motion for Summary Judgment and a request for an evidentiary hearing.  (ECF No. 151.)  Specifically, Plaintiff desires to correct errors and omissions in the response and seeks an evidentiary hearing at which time the Court would be able to take testimony to determine whether it would be appropriate to grant partial summary judgment in favor of Plaintiff and rule that Plaintiff's CTHI license should be restored. (ECF No. 151 at 8.)  The DDSN Defendants responded to Plaintiff's motion indicating that they did not oppose Plaintiff's request for permission to correct errors in her response as long as the corrections were not substantive and the DDSN Defendants were permitted leave to file a reply brief based on the corrected version.  (ECF No. 154 at 1.)  The DDSN Defendants oppose Plaintiff's

request for an evidentiary hearing arguing that the remaining motions for summary judgment do not involve the resolution of contested issues of fact or the credibility of witnesses. (ECF No. 154 at 2.) The DDSN Defendants also oppose Plaintiff's request to use three depositions from another action on the grounds of relevance. (ECF No. 154 at 3.) Defendant Owens also filed a response in Opposition to Plaintiff's Motion to Correct and Supplement Plaintiff's Response to the DDSN's Motion for Summary Judgment and Request for Evidentiary Hearing, specifically objecting to Plaintiff's proposed use of depositions from another suit to which Defendant Owens was not a party nor present at the taking of the deposition, citing his concern for Plaintiff's "unduly broad and often out-of-context use of material allowed into the record up to this point." (ECF No. 155 at 3.) Plaintiff filed a response (ECF No. 159) reiterating her desire to incorporate certain depositions in her response to the DDSN's motion for summary judgment.

## STANDARD OF REVIEW

<u>Motion to Dismiss</u>

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555. In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is facially plausible "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  A complaint alleging facts that are "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor.  *Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130 (4th Cir. 1993).  The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

      Motion for Summary Judgment

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.  The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  *See* Fed.R.Civ.P. 56.  A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d

213, 214 (4th Cir.1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir.1996).

## ANALYSIS

The remaining Defendants seek dismissal of the federal claims (42 U.S.C. §§ 1983 and 1985) against them on, among other reasons, the basis of qualified immunity. (ECF No. 116-1 at 14; 137-1 at 11.) Each of the remaining defendants pled qualified immunity as a defense in their answers to Plaintiff's amended complaint. (ECF No. 66 at ¶ 34; ECF No. 67 at ¶ 146; ECF No. 68 at ¶ 146; ECF No. 69 at ¶ 140.) As the DDSN Defendants point out in their motion to stay discovery, qualified immunity is a threshold question to be resolved by the Court. *See Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991)(noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending).

Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, qualified immunity does not protect an official who violates a constitutional or statutory right of a plaintiff that was *clearly established* at the time of the alleged violation such that an objectively reasonable official in the official's position would have known of the right. *Id.* "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir.1992).

Determining whether an official is entitled to qualified immunity generally requires a two-step inquiry. *See generally Pearson v. Callahan*, 555 U.S. 223 (2009). Courts considering whether to dismiss a complaint based on qualified immunity should consider both "whether the facts that a

plaintiff has alleged . . . or shown . . . make out a violation of a constitutional right" and "whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Id.* at 232 (citations omitted). The court may "exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand." *Id.* at 236. Qualified immunity can be established, and is in fact, specifically encouraged, at the summary judgment stage when there is no genuine issue of material fact, and when the undisputed facts establish that the defendant is entitled to judgment as a matter of law. *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir.1992).

Plaintiff brings this lawsuit against Defendants in their "individual and official capacities" as each has "acted outside the scope of [his or her] employment under color of state law." (ECF No. 62 at ¶¶ 23, 61, 65,77.) But qualified immunity is not a defense for individuals sued in their official, rather than personal, capacities. *See Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985).[2] However, Defendants argue they are entitled to qualified immunity and seek dismissal of all claims against them, without noting they have been sued in both their individual and official capacities. Considering the foregoing, the defense of qualified immunity urged by Defendants as the basis of their request for dismissal of Plaintiff's claims can apply only to Plaintiff's claims against Defendants in their

---

[2] Federal law treats an action against defendants in their official capacities as an action against the municipality itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 61 (1989) ("[A] suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office" and thus is no different from a suit against the State itself). A municipality, cannot assert immunity, either absolute or qualified, as a defense to liability under 42 U.S.C. § 1983. *See Owen v. City of Independence, Mo.,* 445 U.S. 622, 650-652 (1980). In other words, immunity, either absolute or qualified, is a personal defense that is available only when officials are sued in their individual capacities. *Anderson v. Caldwell Cnty. Sheriff's Office*, No. 11-2344, 2013 WL 1749513 (4th Cir. Apr. 24, 2013) (unpublished decision) ("Public officer's immunity bars the state law claims against the officers in their individual capacities.")

individual capacities, yet the motions do not make this distinction concerning capacity. Thus, Defendants have not articulated a reasonable basis for immunity as to claims Plaintiff brought against Defendants in their official capacity. Considering the foregoing, this Court finds the motion for summary judgment cannot be ruled on as filed, as Defendants have failed to satisfy their burden of showing they are entitled to the relief requested. Considering the foregoing, the motion is DENIED for present purposes.

Defendants are granted leave to re-file a dispositive motion limited to the issue of immunity and addressing the following points (as applicable):

1. Defendants' entitlement to qualified immunity and any other claims of immunity to be asserted by Defendants as these defenses might apply to claims asserted against Defendants in their individual and official capacity and as they may relate to the specific relief sought by Plaintiff.

2. Whether Plaintiff's rights were "clearly established" as required for the qualified immunity analysis.

3. In light of any and all claims of immunity, the Court's jurisdiction to hear Plaintiff's state law claims.

4. CTH I licensing process, the origins of the CTH I license at issue, and parties to the license/contract.

The Court further orders that any additional motions/briefing be filed by Defendants within ten days of the date of this order. Plaintiff will then have ten days to respond to Defendants' motions. The additional filings should be brief and succinct, yet comprehensive—complete with case law and statutory support directly relevant to the points set forth above. To the extent a hearing is necessary, the court will hold a hearing relative to these matters. The parties should keep in mind that this matter

has been pending for several years and it is the Court's hope that the action will be ready for trial soon.

Accordingly, Defendants Laurent, Vanderbilt, and Davis's Motion to Stay Discovery (ECF No. 138) is DENIED as MOOT as there is currently no pending motion before the Court concerning the defense. Plaintiff's Motion to Correct and Supplement Plaintiff's Response to DDSN Defendants' Motion for Summary Judgment and Request for Evidentiary Hearing (ECF No. 151) is GRANTED in part to the extent the relief is still relevant in light of this order, and DENIED in part as MOOT. Plaintiff is hereby granted leave to amend and correct any non-substantive portions of Plaintiff's response should the request remain relevant in light of this order. Plaintiff's request for an evidentiary hearing and restoration of her purported CTH I license is denied. What Plaintiff desires is essentially a trial on the merits of her claim which is not appropriate at this juncture. Plaintiff has always been free to submit relevant evidence to this Court's attention through appropriate avenues permitted by the Federal Rules of Civil Procedure. The Court does not see why an evidentiary hearing is necessary.

## CONCLUSION

For the reasons set forth above, Defendant Fred Owens's Motion for Summary Judgment and to Dismiss (ECF No. 116) and Defendants Laurent, Vanderbilt, and Davis's Motion for Summary Judgment (ECF No. 137) are DENIED for present purposes. Defendants Laurent, Vanderbilt, and Davis's Motion to Stay Discovery (ECF No. 138) is DENIED as MOOT as there is currently no pending motion before the Court concerning the defense. Finally, Plaintiff's Motion to Correct and Supplement Plaintiff's Response to DDSN Defendants' Motion for Summary Judgment and Request for Evidentiary Hearing (ECF No. 151) is GRANTED in part to the extent the relief is still relevant in light of this order, and DENIED in part as MOOT. Counsel is directed to follow the briefing time

-10-

frame and directives set forth herein concerning any subsequently filed motions and responses.

    IT IS SO ORDERED.

                              s/Mary G. Lewis
                              United States District Judge

Spartanburg, South Carolina
March 28, 2014